COOPER, WHITE & COOPER LLP
JIE-MING CHOU (SBN 211346)
  jchou@cwclaw.com
SCOTT M. McLEOD (SBN 242035)
  smcleod@cwclaw.com
201 California Street, 17th Floor
San Francisco, California 94111
Telephone:   (415) 433-1900
Facsimile:   (415) 433-5530

Attorneys for Comcast of Sacramento II, LLC
erroneously sued as Comcast Corporation

# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| LAURIE MONTOYA, ROBERT MONTOYA, and BENJAMIN MONTOYA,<br><br>Plaintiffs,<br><br>vs.<br><br>COMCAST CORPORATION, and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO.<br><br>**NOTICE OF REMOVAL UNDER 28 U.S.C. § 1441(c) (Federal Question) and 28 U.S.C. § 1367(a)**<br><br>Trial Date: None Set |

TO THE CLERK OF THE COURT OF THE EASTERN DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE that Defendant Comcast of Sacramento II, LLC ("Comcast"), erroneously sued as Comcast Corporation, does hereby remove to this Court the state court action described below:

1. On September 30, 2015, an action was commenced in the Superior Court of the State of California in and for the County of Sacramento, entitled LAURIE MONTOYA *et al.* vs. COMCAST CORPORATION, as case number 34-2015-00184982. A true and correct copy of this Complaint is attached hereto as **Exhibit A**.

2. Plaintiffs personally served the Complaint on Comcast's registered agent on November 13, 2015. A true and correct copy of the summons is attached hereto as **Exhibit B**.

COOPER, WHITE
& COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111-5002

1054033.1

NOTICE OF REMOVAL

3. Jurisdiction. This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1331, and is one which may be removed to this Court by Defendants pursuant to the provisions of 28 U.S.C. § 1441(c) because the Complaint alleges violations of the Cable Communications Policy Act, 47 U.S.C. § 551. This Court has supplemental jurisdiction under 28 U.S.C. § 1367(a) over the state law claims for (1) violation of California Penal Code § 637.5; (2) violation of the California Customer Records Act, Cal. Civ. Code § 1798.80, *et seq.*; (3) violation of California's Unfair Business Practices Act, Cal. Bus. & Prof. Code § 17200 *et seq.*; (4) invasion of privacy; (5) negligence; (6) negligence *per se*; (7) negligent infliction of emotional distress, and (8) damages caused by the tort of another

4. Intradistrict Assignment. This Complaint has been removed to the Sacramento Division of the Eastern District because the original state court action was filed in the County of Sacramento.

DATED: December 11, 2015          COOPER, WHITE & COOPER LLP

By: _____
Scott M. McLeod
Attorneys for Comcast of Sacramento II, LLC
erroneously sued as Comcast Corporation

COOPER, WHITE
& COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111-5002

1054033.1

2
NOTICE OF REMOVAL

EXHIBIT A

COPY

1  THE ARNOLD LAW FIRM
   Clayeo C. Arnold (SBN 65070)
2  John T. Stralen (SBN 171227)
   865 Howe Avenue
3  Sacramento, California 95811
   Telephone: (916) 924-3100
4  Facsimile: (916) 924-1829

5  Attorneys for Plaintiffs

FILED
Superior Court Of California,
Sacramento
09/30/2015
tsmith
By _____, Deputy
Case Number:
34-2015-00184982

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SACRAMENTO

LAURIE MONTOYA, ROBERT MONTOYA, and BENJAMIN MONTOYA,

Plaintiffs,

vs.

COMCAST CORPORATION, and DOES 1 through 100, inclusive.

Defendants.

CASE NO.

COMPLAINT FOR DAMAGES FOR:
(1) VIOLATION OF CALIFORNIA PENAL CODE § 637.5; (2) VIOLATION OF 47 U.S.C. 551; (3) VIOLATION OF THE CALIFORNIA CUSTOMER RECORDS ACT; (4) VIOATION OF THE CALIFORNIA UNFAIR BUSINESS PRACTICES ACT; (5) INVASION OF PRIVACY; (6) NEGLIGENCE; (7) NEGLIGENCE PER SE; (8) NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS; AND (9) DAMAGES CAUSED BY THE TORT OF ANOTHER.

[JURY TRIAL DEMANDED]

BY FAX

Plaintiffs, LAURIE MONTOYA, ROBERT MONTOYA, and BENJAMIN MONTOYA (hereinafter "Plaintiffs") allege:

### NATURE OF THE ACTION

1. This is an action under California Penal Code § 637.5, 47 U.S.C. § 551(f), California Customer Records Act, California Unfair Business Practices Act, California

PLAINTIFF'S COMPLAINT FOR DAMAGES
-1-

Consumer Legal Remedies Act (CCLRA), and California law for invasion of privacy, negligence, negligence per se, negligent infliction of emotional distress, and tort-of-another for damages stemming from Defendant's reckless disclosure of Plaintiffs' private information to third parties.

2. Plaintiffs' claims include actual damages, including special and general damages according to proof, statutory penalties, injunctive relief, restitution, punitive damages, treble damages, tort-of-another expenses and attorney's fees, and statutory attorney's fees. Plaintiff has provided, or intends to provide, Defendant notice under the CCLRA. Plaintiff currently seeks injunctive relief under the CCLRA, however Plaintiff may amend this complaint to allege damages under the CCLRA, as appropriate.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this matter under California Penal Code § 637.5, 47 U.S.C. § 551(f), California Customer Records Act, California Unfair Business Practices Act, and the California Consumers Legal Remedy Act; venue is proper because the Defendant wrongful acts alleged herein took place in Sacramento County.

## DEMAND FOR JURY TRIAL

4. Plaintiffs demand a jury trial.

## THE PARTIES

5. Plaintiffs, LAURIE MONTOYA, ROBERT MONTOYA, and BENJAMIN MONTOYA (hereinafter "Plaintiffs") are individuals residing in the County of Sacramento, California.

6. Defendant, COMCAST CORPORATION (hereinafter "Comcast" or "Defendant") is a cable company formed as a Pennsylvania corporation that conducts business in the State of California.

7. The true names and capacities, whether individual, corporate, associate or otherwise of the Defendants named herein as DOES 1 through 100, are unknown to Plaintiffs at this time. Plaintiffs therefore sue said Defendants by such fictitious names,

1  Does 1 through 100. Plaintiff will seek leave to amend this Complaint to allege the true
2  names and capacities of DOES 1 through 100 when their names are ascertained.
3  Plaintiffs are informed and believe, and based thereon allege, that each of the DOE
4  Defendants is in some manner liable to Plaintiffs for the events and actions alleged
5  herein. Unless otherwise specified by name, reference herein to "Defendants" is a
6  reference to all named Defendants including DOES 1 to 100.

7      8. Plaintiffs are informed and believe, and thereon allege, that each of
8  Defendants herein was at all times relevant to this action the alter ego, agent, employee
9  of, partner of, or engaged in a joint venture with, the remaining Defendants and was
10 acting within the course and scope of that relationship when the harmful acts took place.
11 Plaintiffs are further informed and believe that each of the Defendants herein gave
12 consent to, ratified and authorized the acts alleged herein to each of the remaining
13 Defendants, that each of the Defendants negligently hired, supervised, trained, or
14 entrusted information to one or more of the other Defendants or to third parties, and
15 thus Defendants are vicariously liable under these theories, or other theories of vicarious
16 liability, to Plaintiffs for the acts of the other defendants which caused Plaintiffs'
17 damages. As a proximate result of Defendants' wrongful acts herein alleged, Plaintiffs
18 have suffered damages as set forth below.

19     **GENERAL ALLEGATIONS**

20     9. At all relevant times, Plaintiffs were residing in a home in which Defendant
21 provided cable television, internet and VOIP phone services.

22     10. The California Penal Code § 637.5, 47 U.S.C. § 551(f), California Customer
23 Records Act, California Consumer Legal Remedies Act, and California Unfair Business
24 Practices Act guarantee certain rights to consumers. In recognition of the more favorable
25 bargaining positions large corporations, such as Comcast, generally have over
26 consumers, these laws were adopted to require companies to comply with certain
27 mandatory standards concerning the retention and safe-guarding of private information
28

about consumers that these corporations, such as the Defendant, require the consumer to provide in the ordinary course of the doing business. Defendants have violated these laws and regulations by engaging in the following wrongful conduct:

a. Failing to maintain reasonable standards for the protection of subscribers' and Plaintiffs' private information;

b. Failing to maintain standards in compliance with Penal Code § 637.4 for the protection of subscriber's and Plaintiffs' private information;

c. Failing to maintain standards in compliance with 47 U.S.C. § 551 for the protection of subscribers' and Plaintiffs' private information;

d. Failing to follow standards that were established in the industry for the protection of subscribers' and Plaintiffs' private information;

e. Providing unauthorized access to Plaintiffs' individually identifying personal and private information to third parties;

f. Repeatedly providing unauthorized access to Plaintiffs' individually identifying personal information, and otherwise private information, to third parties despite having received notice from Plaintiffs and other sources that the third parties were repeatedly acquiring such information to use to harm Plaintiffs;

g. Repeatedly failing to follow safety measures that were established after Defendants received notice from Plaintiffs and other sources that the third parties were repeatedly acquiring private information in Defendant's possession to harm Plaintiffs, and then also repeatedly providing Plaintiffs' private information to third parties when Defendants knew, or should have known, the private information would be used to harm Plaintiffs.

h. Failing to provide required notices of a data breach as required by state law;

i. Representing that Defendant's services had uses or benefits which they did not have;

j. Representing that Defendant's services were of a particular standard or quality, when the standard or quality was below that which was represented;

k. Misrepresenting Defendant's willingness or ability to comply with Defendant's own stated policies and procedures, such as Defendant's Privacy Notice, resulting in the unauthorized release of Plaintiffs' private confidential information to third parties;

l. Misrepresenting that Defendant put in place security measures to protect Plaintiffs' personal and private information when Defendant had not.

m. Invading Plaintiffs' privacy and/or repeatedly and knowingly allowing other to invade Plaintiff's privacy;

n. Recklessly causing Plaintiffs personal injury and serious emotional distress;

o. Recklessly allowing others access to Plaintiffs' private information that would knowingly, or foreseeably be used by others for purposes of harming Plaintiff's.

11. Plaintiffs suffered harm when Defendants repeatedly allowed third parties to obtain private information in Defendants' possession. Since November 2013, Comcast began to provide access to the Comcast account for Plaintiffs' house to third parties or Comcast otherwise allowed the account to be "hacked" by third parties on multiple occasions. As a result, the IP address for Plaintiffs' residence was used by the hackers on multiple occasions to place VOIP phone calls involving alleged serious threats

purportedly being made by Plaintiffs to several emergency service departments resulting in emergency response personnel arriving at Plaintiffs' house. Examples of these incidents that would follow a breach of the Comcast account include: on April 6, 2014 paramedics were called to Plaintiffs' home by the third parties who Comcast allowed to access the account for services provide at Plaintiffs' home. The paramedics arrived three times that night. On May 19, after Comcast allowed another breach of the account and provided Plaintiffs' private information to third parties, the hackers "SWAT-ed" Plaintiffs' home in the middle of the night by calling 911 using Plaintiffs' IP address. One of the hackers identified himself to the 911 operator as Plaintiff, Robert Montoya, and the hacker told the 911 operator that he (claiming to be Robert Montoya) was armed in the house and was going to kill Plaintiffs Laurie Montoya and Benjamin Montoya, who were also present in the house. The truth was that Plaintiffs were asleep in their home unaware that the sheriff's department SWAT team was about to arrive in full force. In view of their neighbors, Plaintiffs were woken and forcibly removed from their home in the middle of the night by SWAT team officers with automatic weapons drawn and then detained separately while they investigated.

12. Other similar incidents following more breaches of the Comcast account took place on the following days: June 6, 2014 (Fire Department); July 4, 2014 (Sherriff's Department, Fired Department, Ambulance); July 8, 2014 (Sherriff Department); July 9, 2014 (Sherriff Department); July 14, 2014 (Sherriff Department—twice); July 15, 2014 (Sherriff Department); July 23, 2015 (Sherriff's Department); July 25, 2014 (Detective from another agency investigating a report by Plaintiff's Laurie Montoya that a bomb threat was made at Plaintiff Laurie Montoya's jobsite and the call came from the Comcast IP address at Plaintiffs' home); and, August 2, 2014 (Sherriff's Department). There were several other phone calls made by emergency response agencies following other incidents where Comcast allowed breaches of the account or disclosed the account information to third parties contrary to security measures Comcast stated were in place.

13.     Despite promises and guarantees made by Comcast that it would follow its own security measures and that it also put in place additional security measures to protect the Comcast account from being breached by third parties, Comcast failed to follow through and continued to allow third parties to access the Comcast account and obtain Plaintiffs' private information held by Comcast.

14.     Following breaches of the Comcast account, the third parties often changed the account's user name and password, changed Plaintiff's individual email account user names and passwords, created new email accounts for purposes of harassing Plaintiffs, and changed security pins and security questions and answers. Comcast was aware of these ongoing problems and the harm and emotional distress that the failure to keep the account secure was causing Plaintiffs to suffer. Nonetheless, Comcast continued to recklessly allow third parties access to the private information it maintained about Plaintiffs. Comcast recklessly provided access to Plaintiffs' full legal names, non-published phone numbers (home, cell and work), work addresses and Plaintiffs' social security numbers and bank account information. The third parties to whom Comcast provided this information then used the information to further harass Plaintiffs and cause Plaintiffs additional harm. For instance, the third parties used the information to obtain credit reports of Plaintiffs Robert and Laurie Montoya and then they publically posted those credit reports on internet websites. As a foreseeable result, Plaintiffs' identities were stolen and the information was used by others to commit fraudulent credit transactions, for which Plaintiffs would be blamed.

15.     The third parties to whom Comcast repeatedly allowed access to Plaintiffs' private information foreseeably used that information to further harass Plaintiffs. The third parties used the private information to mentally torture Plaintiffs by making multiple harassing phone calls to Plaintiffs' relatives, sending harassing messages, and sending threatening and harassing pictures to Plaintiffs. The third parties opened, or attempted to open, multiple credit cards, loans and bank accounts using Plaintiffs' social

security number and other private information. The third parties obtained information through the breach of the Comcast account that allowed them to steal $200.00 out of Plaintiff Benjamin Montoya's PayPal account and then they stole $3,500 out of another person's account and deposit that money into Plaintiff Robert Montoya's account for purposes of causing further grief because it initially appeared to investigators as if Robert Montoya was a criminal, rather than a victim.

16. Despite Comcast's knowledge of each of the several breaches, Comcast continued to fail to take steps to prevent future foreseeable breaches of the account. Comcast continued to allow access to Plaintiffs' private causing ongoing and repeated invasion of Plaintiffs' privacy and continued harassment of Plaintiffs and severe emotional distress.

## FIRST CAUSE OF ACTION

(Violation of California Penal Code § 637.5)

17. Plaintiffs re-allege and incorporate by reference the foregoing allegations as though set forth herein.

18. California Penal Code § 637.5(a) provides that no person who owns, controls, operates, or manages a cable television corporation shall "provide any person with any individually identifiable information regarding any of its subscribers, including, but not limited to...banking data or information, or any other personal or private information, without the subscriber's express written consent." California Penal Code § 637.5(b) further states that "a satellite or cable television corporation shall maintain adequate safeguards to ensure the physical security and confidentiality of the subscriber information."

19. California Penal Code § 637.5(i) states that "any aggrieved person may commence a civil action for damages for invasion of privacy against any satellite or cable television corporation, service provider, or person that leases a channel or channels on a satellite or cable television system that violates the provisions of this section." California

Penal Code § 637.5(k) provides that "the penalties and remedies provided by subdivisions (i) and (j) are cumulative, and shall not be construed as restricting any penalty or remedy, provisional or otherwise, provided by law for the benefit of any person, and no judgment under this section shall preclude any person from obtaining additional relief based upon the same facts. California Penal Code § 637.5(l) states that "the provisions of this section are intended to set forth minimum state standards for protecting the privacy of subscribers to cable television services and are not intended to pre-empt more restrictive local standards."

20. Defendants violated California Penal Code § 637.5 by providing Plaintiffs' individually identifiable information to third parties without Plaintiffs' written consent. Defendant also failed to maintain adequate safeguards to ensure the physical security and confidentiality of Plaintiffs' private information. Defendants' data security practices and policies are below the minimum standard as set forth in California Penal Code § 637.5 as to Plaintiffs specifically, and as to all of Comcast's residential subscribers and customers of Comcast television, cable, phone, or internet services.

21. As a result of the Defendants' violation of the California Penal Code § 637.5, Plaintiffs suffered special and general damages, in an amount to be determined at trial.

### SECOND CAUSE OF ACTION
(Violation of 47 U.S.C. § 551(f))

22. Plaintiffs re-allege and incorporate by reference the foregoing allegations as though set forth herein.

23. 47 U.S.C. § 551 provides that, with limited exceptions not applicable here, a cable operator shall not disclose personally identifiable information concerning any subscriber without the prior written or electronic consent of the subscriber. This statute further states that any person aggrieved by any act of a cable operator in violation of this section may bring a civil action in a United States district court, and the court may award actual damages but not less than liquidated damages computed at the rate of $100 a day

for each day of violation or $1,000 (whichever is higher), punitive damages, and reasonable attorneys' fees and other litigation costs reasonably incurred.

24. Defendants violated 47 U.S.C. § 551 by providing Plaintiffs' individually identifiable information to third parties without Plaintiffs' written consent. Defendant also failed to maintain adequate safeguards to ensure the physical security and confidentiality of Plaintiffs' private information. Defendants' data security practices and policies are below the minimum standard as set forth in California Penal Code § 637.5 and industry standards in general as to Plaintiffs specifically, and as to all of Comcast's residential subscribers and customers of Comcast television, cable, phone, or internet services.

25. As a result of the Defendants' violation of the 47 U.S.C. § 551, Plaintiffs suffered special and general damages, are entitled to penalties, interest, punitive damages, and reasonable attorneys' fees and costs in an amount to be determined at trial.

### THIRD CAUSE OF ACTION

(Violation of the California Customer Records Act)

26. Plaintiffs re-allege and incorporate by reference the foregoing allegations as though set forth herein.

27. California Civil Code § 1798.82 provides that a person or business that conducts business in California that owns computerized data that includes personal information, shall disclose a breach of the security of the system following discovery or notification of the breach in the security of the data to a resident of California whose personal information was, or is reasonably believed to have been, acquired by an unauthorized person. The disclosure shall be made in the most expedient time possible and without unreasonable delay.

28. Defendants violated California Civil Code § 1798.82 by providing Plaintiffs' individually identifiable information to third parties without Plaintiffs' written consent. Defendant also failed to maintain adequate safeguards to ensure the physical security

and confidentiality of Plaintiffs' private information. Defendants' data security practices and policies are below the minimum standard as set forth in California Penal Code § 637.5 and industry standards in general as to Plaintiffs specifically, and as to all of Comcast's residential subscribers and customers of Comcast television, cable, phone, or internet services. Following multiple instances where Defendants violated California Civil Code § 1798.82, Defendants failed to comply with the requirement to notify Plaintiffs.

29. As a result of the Defendants' violation as alleged herein, Plaintiffs suffered special and general damages, are entitled to statutory penalties, interest, punitive damages, and reasonable attorneys' fees and costs in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

(Violation of the California Unfair Business Practices Act)

30. Plaintiffs re-allege and incorporate by reference the foregoing allegations as though set forth herein.

31. California Business and Professions Code § 17200, et seq. prohibits illegal, fraudulent or unfair business practices. Defendants violated California Business and Professions Code § 17200, et seq. by providing Plaintiffs' individually identifiable information to third parties without Plaintiffs' written consent. Defendant also failed to maintain adequate safeguards to ensure the physical security and confidentiality of Plaintiffs' private information. Defendants' data security practices and policies are below the minimum standard as set forth in California Penal Code § 637.5 and industry standards in general as to Plaintiffs specifically, and as to all of Comcast's residential subscribers and customers of Comcast television, cable, phone, or internet services. Following multiple instances where Defendants violated California Civil Code § 1798.82, Defendants failed to comply with the requirement to notify Plaintiffs.

32. For the reasons alleged in this Complaint, Plaintiff seeks any and all available remedies in an amount to be proven at trial including but not limited to an

injunction that Defendant comply with its statutory obligations as to Plaintiffs specifically, and all other similar situated individuals.

## FIFTH CAUSE OF ACTION

(Invasion of Privacy)

33. Plaintiffs re-allege and incorporate by reference the foregoing allegations as though set forth herein.

34. Plaintiffs had a legally protected privacy interest in the personal information in Defendants' possession. Plaintiffs had a reasonable expectation that Defendants would take reasonable measure to ensure their information remained private. Defendants conduct as herein alleged, constitutes a serious invasion of Plaintiffs' privacy. Defendants conduct constitutes an extreme indifference to the Plaintiffs' rights to a level which decent citizens should not have to tolerate, and thus, punitive damages awarded against Defendants are appropriate under the circumstances.

35. As a result of the Defendants' violation of Plaintiffs' right to privacy, as alleged herein, Plaintiffs suffered special and general damages, and Plaintiffs are entitled to punitive damages in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

(Negligence)

36. Plaintiffs re-allege and incorporate by reference the foregoing allegations as though set forth herein.

37. Defendants owed Plaintiffs a duty of care with regard to maintaining the confidentiality of Plaintiffs' private information in Defendants' possession. Defendants breached that duty as herein alleged. Said breach of that duty proximately caused Plaintiffs harm.

38. Plaintiffs suffered special and general damages in an amount to be determined at trial.

///

## SEVENTH CAUSE OF ACTION

(Negligence Per Se)

39. Plaintiffs re-allege and incorporate by reference the foregoing allegations as though set forth herein.

40. Defendants owed Plaintiffs a statutory duty of care with regard to maintaining the confidentiality of Plaintiffs' private information in Defendants' possession pursuant to California Penal Code § 637.5, 47 U.S.C. § 551, and California Civil Code § 1798.82. Defendants breached that duty as herein alleged. Said breach of that duty proximately caused Plaintiffs harm.

41. Plaintiffs suffered special and general damages in an amount to be determined at trial.

## EIGHTH CAUSE OF ACTION

(Negligent Infliction of Emotional Distress)

42. Plaintiffs re-allege and incorporate by reference the foregoing allegations as though set forth herein.

43. Defendants owed Plaintiffs a duty of care with regard to maintaining the confidentiality of Plaintiffs' private information in Defendants' possession. Defendants breached that duty as herein alleged. Said breach of that duty proximately caused Plaintiffs to suffer serious emotional distress.

44. Plaintiffs suffered special and general damages in an amount to be determined at trial.

## NINETH CAUSE OF ACTION

(Claim for Damages--Tort of Another Doctrine)

45. Plaintiffs re-allege and incorporate by reference the foregoing allegations as though set forth herein.

46. As a result of Defendants' negligence, Plaintiffs have employed, or intend to employ, the services of professionals to assist with mitigating the harm caused by

Defendants' negligent conduct, and as a result, Defendants are responsible for reimbursing Plaintiffs for these expenses that otherwise would not have been incurred but for Defendants' negligence in an amount to be proven at trial.

### TENTH CAUSE OF ACTION

(California Consumers Legal Remedy Act)

47. Plaintiffs re-allege and incorporate by reference the foregoing allegations as though set forth herein.

48. Civil Code § 1770(a) makes certain unfair or deceptive acts or practices unlawful. These include representing that services have characteristics or benefits which they do not have, and representing that services are of a particular standard or quality if they are of another.

49. Defendants' conduct constitutes a violation of the California Consumers Legal Remedy Act, including superficially a violation of Civil Code § 1770(a)(5) & (8).

50. For the reasons alleged in this Complaint, Plaintiff seeks any and all available remedies in an amount to be proven at trial including but not limited to an injunction that Defendant comply with its statutory obligations as to Plaintiffs specifically, and all other similar situated individuals.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. For actual damages, including general and special damages, according to proof;
2. For payment of all statutory obligations and penalties as required by law;
3. For statutory damages;
4. For treble damages;
5. For punitive damages as allowed by law;
6. For attorney's fees under the tort of another doctrine;
7. For reasonable attorneys' fees by statute;

8. For interest provided by law;
9. For costs of suit incurred herein;
10. For restitution and other equitable or injunctive relief; and
11. For such other and further relief as the court deems just and proper.

Dated: September 25, 2015

Respectfully submitted,

THE ARNOLD LAW FIRM

By: _____
JOHN T. STRALEN
SBN 171227, Attorney for Plaintiffs

PLAINTIFF'S COMPLAINT FOR DAMAGES
-15-

EXHIBIT B

11-13-15 @ 2:45 pm

# SUMMONS
## (CITACION JUDICIAL)

**COPY** SUM-100

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
(AVISO AL DEMANDADO):
COMCAST CORPORATION, and DOES 1 through 100, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
(LO ESTÁ DEMANDANDO EL DEMANDANTE):
LAURIE MONTOYA
ROBERT MONTOYA
BENJAMIN MONTOYA

FILED
Superior Court Of California,
Sacramento
09/30/2015
tsmith
By _____, Deputy
Case Number:
34-2015-00184982

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
(El nombre y dirección de la corte es):
Sacramento Superior Court
720 9th Street
720 9th Street
Sacramento, 95814

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
John T. Stralen, ESQ SBN 171227       (916) 924-3100   (916) 924-1829
The Arnold Law Firm
865 Howe Avenue
Sacramento, CA 95811

DATE: (Fecha) 30    Clerk, by **T. SMITH**, Deputy (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):
3. ☒ on behalf of (specify): **Comcast Corporation**
   under: ☒ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other (specify):
4. ☒ by personal delivery on (date): 11-13-15

SUMMONS



Page 1 of 1
Code of Civil Procedure §§ 412.20, 465

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]